**Opinion issued August 27, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00292-CR

_____

**ANTHONY JOSEPH WILLIAMS JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1579573**

---

## MEMORANDUM OPINION

Appellant, Anthony Joseph Williams, Jr., pleaded guilty to the felony offense

of evading arrest or detention with a vehicle. TEX. PENAL CODE § 38.04(a), (b)(2).

In accordance with the terms of a plea-bargain agreement, the trial court signed a

judgment of conviction imposing a sentence of ten years in the Institutional Division of the Texas Department of Criminal Justice. Williams filed a notice of appeal.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because Williams has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Countiss.

Do not publish.  TEX. R. APP. P. 47.2(b).